WILLARD FOSTER, SARA FOSTER WILSON AND GRACE FOSTER THOMAS, EXECUTORS OF THE ESTATE OF N. C. FOSTER, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32984.   Promulgated January 29, 1932.

*John M. Campbell, Esq.*, and *P. M. Beach, Esq.*, for the petitioners.
*A. H. Fast, Esq.*, for the respondent.

#### OPINION.

LANSDON: The respondent has asserted a deficiency in estate tax in the amount of $13,663.92.   The only issue is whether certain transfers to three separate trusts about three years prior to the death of N. C. Foster were made in contemplation of death.

N. C. Foster was a resident of Fairchild, Wisconsin.   For about 60 years he was actively engaged in the lumber business, in railway construction and other money making enterprises in which he amassed a substantial fortune.   He died March 16, 1923, and was survived by seven children.   Many years before his death he organized the N. C. Foster Lumber Company, of which he was at all times the president and active manager.   Upon the organization of that company he gave each of his seven children 120 shares of the capital stock thereof.   For many years all the children received equal incomes from such stock.   About 1918 this company paid its last dividend on its final liquidation.

In the year 1920 the petitioners' decedent executed three trust agreements in which property of the value of approximately $300,000 was transferred to trustees.   The trust instruments provided for the distribution of all trust income in equal amounts to the beneficiaries, the seven children of the trustor.   In 1920 three of such children were widows dependent upon their father for support and a fourth daughter at that time was in a tuberculosis hospital.   One son had suffered severe business reverses and was not self-supporting.   The other two sons were self-supporting.   The decedent always treated all his children exactly alike and throughout his life never made a gift to one without giving an equal amount to each of the others.

In 1920 the decedent was in his 86th year.   He had always been a strong robust man and at that advanced age had no troubles, was in sound health, age considered, and was still actively engaged in business.   Sometimes he would eat too heartily of pancakes and sausage and bring on attacks of indigestion, but this condition was temporary and not due to any organic disease of the digestive organs.

Between 1920 and the date of his death he attended meetings of directors and stockholders of his corporations.

The executors of the estate of this decedent included no part of the corpus of either of the three trusts in the gross estate in the return which they made for Federal estate-tax purposes. Upon audit of such return the respondent held that the transfers in question had been made in contemplation of death and added the trusteed property in the value of $295,076.50 to gross estate, made other minor adjustments and determined the deficiency here in controversy.

The lawyer who represented the decedent in much of his business for about 40 years and the physician who attended him for about 15 years have testified to the facts set out above. In the light of the evidence we are of the opinion that the trusts in question were not established in contemplation of death. In each instance the decedent irrevocably parted with title and relinquished all control over the trusteed assets. Upon the record we are convinced that this was not done in contemplation of death, but was for the purpose of providing income in equal amounts for each of his children, several of whom were not then self-supporting. Accordingly, the determination of the respondent is reversed. *United States* v. *Wells*, 283 U. S. 102; 51 Sup. Ct. 446; *Estate of John Wanamaker*, 16 B. T. A. 15; *Estate of Phillip Heipershausen*, 18 B. T. A. 218; *Rea* v. *Heiner*, 6 Fed. (2d) 389; *Meyer* v. *United States*, 60 Ct. Cls. 474; *Flannery* v. *Willcuts*, 25 Fed. (2d) 951.

*Decision will be entered for the petitioners.*