HANDY, COLLECTOR OF INTERNAL REVENUE, *v.* DELAWARE TRUST CO., EXECUTOR, ET AL.

No. 546. Argued February 26, 1932.—Decided March 21, 1932.

*Assistant Attorney General Youngquist,* with whom *Solicitor General Thacher,* and *Messrs. Claude R. Branch, Sewall Key, A. H. Conner,* and *Erwin N. Griswold* were on the brief, for Handy, Collector.

*Mr. James H. Hughes, Jr.,* with whom *Mr. Frank S. Bright* was on the brief, for the Delaware Trust Co., Executor.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This case, like *Heiner* v. *Donnan, ante,* p. 312, is here on a certificate from the Circuit Court of Appeals for the Third Circuit. The question submitted is:

"Does the second sentence of section 302 (c) of the revenue act of 1926 violate the due-process clause of the fifth amendment to the Constitution of the United States?"

In this case, as in *Heiner* v. *Donnan,* the decedent, within two years prior to his death, had made transfers *inter vivos* without consideration which were complete and irrevocable. The commissioner included the value of the property so transferred in the value of the gross estate, and assessed a death transfer tax accordingly. Following a claim for refund and its rejection, the executor brought this action to recover the amount of the tax attributable to such inclusion. The trial court found that in fact none of the transfers had been made in contemplation of death, and rendered judgment for the executor for the amount claimed, on the ground that § 302 (c) violated the due process clause of the Fifth Amendment and was therefore unconstitutional.

Our decision in *Heiner* v. *Donnan* requires an affirmative answer to the question submitted.

*It is so ordered.*

MR. JUSTICE BRANDEIS and MR. JUSTICE STONE dissent.

MR. JUSTICE CARDOZO took no part in the consideration or decision of this case.