## SHERWOOD VS. VLIET.

20        441
59 LRA 901n

*Easement—Injunction—Maintenance of mill-race on land of another.*

1. One who has constructed a mill and dam on his own land, and a race partly on land of the United States adjoining, and has not enjoyed the easement for twenty years without interruption, cannot enjoin from obstructing the race on such adjoining land a person who has acquired the title of the United States thereto.
2. The acts of the mill owner in such a case, in maintaining such a race on the land of another, are a continuing trespass.

APPEAL from the Circuit Court for *Green Lake* County.

This action was brought to restrain the defendant from obstructing a certain mill-race described in the complaint. The facts are stated in the opinion. The circuit court dismissed the complaint; and the plaintiff appealed.

*Dunlap & Gillet,* for appellant, cited *Sheldon v. Rockwell,* 9 Wis., 183 ; and also contended that the plaintiff's right was established by limitation under ch. 184, Laws of 1862.

*Butler & Cottrill,* for respondent, as to the remedy by injunc-

tion generally, cited Willard's Eq. Jur., 242–392 ; *Gardner v. Newburgh*, 2 Johns. Ch., 164 ; *Snowden v. Noah*, Hopkins, 347; *Reed v. Gifford*, id., 416 ; *S. C.*, 6 Johns. Ch., 19 ; Ang. on W. C., sec. 444; *Mohawk Bridge Co. v. R. R. Co.*, 6 Paige, 563 ; R. S., ch. 129, sec. 2. To the point that the plaintiff had acquired no right to the use of the race on defendant's land, they cited *Gardner v. Newburgh*, 2 Johns. Ch., 162 ; *Belknap v. Trimble*, 3 Paige, 577 ; *Hammond v. Zehner*, 21 N. Y., 118 ; *Prescott v. White*, 21 Pick., 341 ; *Hunter v. Coalter*, 4 Rand., 58 ; Ang. on W. C., secs. 210–223 ; R. S., ch. 138, sec. 10.

DOWNER, J. In 1846 and 1847, the appellant and one Dart, whose interest the appellant has since acquired, built the mills and dam particularly described in the complaint ; and soon thereafter excavated the race extending from the flouring mill about three-fourths of a mile in length. The last fifty or sixty rods of the race is over the land of the respondent, which, when the race was constructed, belonged to the United States, and subsequently to the state of Wisconsin. It was purchased of the state in 1850, or since. The dam is across the outlet of Green Lake. The race, about fifty yards above where its waters unite with the outlet, crosses it, the race being excavated below the natural bed of the outlet. Just below this crossing, the respondent, on his own land, obstructed or filled up in part the race so as to prevent the water in the race flowing across his land. This action was brought to enjoin the respondent from thus interfering with the flow of the water in the race. It is alleged that the obstruction in the race causes the water to set back, both in the race and outlet, so as to injure materially the mills of the plaintiff. The evidence, we think, sustains the allegation.

Has the plaintiff the right to maintain the race through the land of the defendant? He was a trespasser in constructing it there. The mill-dam act makes no provision for such construction, or for damages in such a case. There is no presump-

tion of any grant, for twenty years had not elapsed when the suit was commenced, or when the race was obstructed, since the title passed from the state, or since the construction of the race.   The plaintiff claims that the defendant, and those under whom the defendant claims, have acquiesced in his maintaining the race for so long a time as to give him a permanent right to maintain it across the defendant's land.   We know of no well established principle of law to that effect.   The right of the plaintiff should be clear and certain to authorize the court to interfere by injunction in his favor.   *East India Co. v. Sandys,* 1 Ver., 127 ; *Anon.,* 1 Ver., 120 ; *Gardner v. Village of Newburgh,* 2 Johns. Ch., 164.   So far from having such clear and certain right, the plaintiff has not even a color of title, or any right whatever.   His acts in constructing and maintaining the race across the defendant's land are but a continued trespass.

*By the Court.*—The judgment of the circuit court is affirmed.