HEWITT and another vs. WEEK and another.

*February 8 — March 2, 1881.*

TRIAL.    *Admitting evidence after stipulation to discharge jury.*

Upon the evidence as it then stood, both parties, by agreement, permitted the jury to be discharged, and submitted the cause to the court alone; but plaintiffs were then permitted, against defendants' objection, to introduce further evidence, and the cause was decided by the court with reference to such additional evidence, without any waiver by defendants of their right to a jury trial upon that state of the evidence. *Held*, error.

APPEAL from the Circuit Court for *Marathon* County.

Defendants appealed from a judgment rendered against them in an action of ejectment. So much of the case as is necessary to an understanding of the decision, is stated in the opinion.

The cause was submitted on the brief of *James & Crosby* for the appellants, and that of *Carl H. Mueller* for the respondents.

ORTON, J. This is an action for the recovery of certain real property, to which the defendants had answered, denying the title of the plaintiffs, and alleging title in themselves; and a jury was impaneled to try the issues. The plaintiffs had introduced one tax deed to Marathon county of a part of the premises, which had been received in evidence against the objection of the defendants, and had offered another tax deed to Marathon county of the other part of the premises, and the record of a quitclaim deed to one Welcome Hyde and the plaintiff *Henry Hewitt*, from Marathon county, of the whole premises, which had been received subject to the objection of the defendants, and the question of their admissibility was reserved. The plaintiffs then offered in evidence a tax deed to N. A. Week & Bro. of the whole premises, subsequently executed, and, for the purpose of avoiding the same, offered evidence tending to show the illegality of the tax upon which it was based, which was received against the objection of the defendants. This evidence presented to the court and jury grave questions of law and fact, not necessary to be here stated, any further than to say that the record of the quitclaim deed so offered in evidence showed only one witness to the instrument.

At this stage of the trial, the record shows that the plaintiffs rested their case, and the defendants then moved for a nonsuit, the ruling upon which motion was reserved until final argument. The defendants rested their case. Then, by agree-

ment of the parties, the jury was discharged and the case submitted to the decision of the court. Before the argument, the plaintiffs offered in evidence the original quitclaim deed, having two witnesses, the imperfect record of which, as was claimed, was already in evidence. This was objected to by the counsel of the defendant, substantially on the grounds, *first*, that it could not be received in evidence at that stage of the trial; *second*, that the plaintiffs' case must depend upon the record of the deed in evidence; *third*, that the appearance of the signature of one of the witnesses to the deed offered cast suspicion on its genuineness; and *fourth*, that the nonsuit should have been granted on the case made. The objection was overruled, and the defendants excepted, and the quitclaim deed was received in evidence. Thereupon, without passing directly on the motion for a nonsuit, " after hearing argument of counsel," the " court ordered judgment for the plaintiffs according to the complaint." The proceedings upon the trial have thus been fully and carefully stated, that the real point upon which the case will be decided may clearly appear.

The introduction of further evidence by the plaintiffs after the jury had been discharged, and the cause as it then stood had been submitted to the decision of the court by agreement of the parties, and the decision of the court upon the whole case so made, was in violation of such agreement, and prejudicial to the defendants. The defendants had a right to a jury trial upon the new facts so put in evidence by the plaintiffs, and upon any evidence which they might offer in defense of such new matter; and they had not waived such right. *Hill v. L. C. & M. Railroad Co.*, 11 Wis., 215. The defendants had waived a jury trial only of the case as it stood when the jury were discharged. The purpose and purport of the agreement clearly were, to take the opinion of the court upon the case as it then stood; and it could not be made to extend any further. This was clearly a mistrial. Jacob's Law Dictionary, title " Trial;" *Robinson v. Myers*, 67 Pa. St., 9.

We cannot consider the merits of the case submitted on the motion for a nonsuit, for the circuit court did not do so; and we cannot consider the merits of the case as made by the additional evidence, because that court had no right to do so, unless a jury trial upon the whole case so made had been duly waived.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.