BOROSICH, Respondent, vs. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

*October 11—November 9, 1926.*

*Witnesses: Testimony of attending physicians: In action on insurance policy: Privilege cannot be waived: Testimony of physicians performing autopsy: Of interne, nurse, or attendant: Trial: Motions for directed verdict: Waiver of jury trial: Reopening case.*

1. Under sec. 325.21, Stats. (formerly sec. 4075), prohibiting a physician from disclosing information acquired in a professional capacity, the privilege of a patient cannot be waived, in an action on an insurance policy, by his executor or by the beneficiary of the policy.　p. 241.

2. The testimony of the physicians who performed an autopsy is not barred by said sec. 325.21, their information not having been obtained for the purpose of treatment.　p. 242.

3. Nor does said sec. 325.21 bar the testimony of an interne, nurse, or attendant, they not having been legally admitted to practice and not being physicians within the meaning of the statute.　p. 242.

4. Where the court, after dismissing the jury on motions by both parties for a directed verdict, decided that it had erroneously excluded testimony for defendant and reopened the case, defendant's waiver of a jury trial, in view of sec. 2857a, Stats., extended only to the case as it then stood and did not deprive it of the right to a jury trial on the issue raised by such newly admitted evidence.　p. 243.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Reversed.*

Action upon an accident insurance policy written on Lorenz Borosich, plaintiff's husband, to recover the amount of loss sustained by the death of said Borosich.　In the policy it provided that for certain accidental causes and subject to certain limitations expressed therein the company would pay the sum of $5,000 in case of death.　On November 16, 1922, the deceased, Lorenz Borosich, was seriously injured

in an automobile accident, and the company paid $25 a week indemnity for a period of nineteen months. On August 21, 1924, Borosich died. A certificate of death filed by his attending physician and proof of claim made under the policy filed by the respondent both showed and asserted that the primary cause of death was acute myocarditis and the secondary cause of death was delirium tremens. Both the certificate of death and the proof of claim negatived liability on the part of the defendant because they failed to show any connection with his death and an accident, and it refused to pay. About a week before the trial, which was called March 1, 1926, the plaintiff caused a post-mortem examination to be had on the body of the deceased, and on the trial the two physicians who held it testified and gave as their conclusion that death was caused by fracture of the first lumbar twelfth dorsal vertebra and that the contributing cause was bronchial pneumonia; that his death was not caused wholly or in part by disease or bodily or mental infirmity or medical or surgical treatment or by bacterial infection. It was a verity in the case that at the time of the automobile accident the deceased suffered a severe injury to his spinal column. The plaintiff also called Dr. Theo. H. Burbach, a physician who treated the deceased from the time of his accident in November until some time in May, 1923. It appears from his testimony that he examined the deceased for the purpose of treating him and that he did continue to treat him until May, 1923. The doctor stated in detail the conditions he found and the treatment he gave the deceased at the time that he treated him.

The defense sought to introduce evidence from doctors who had seen and treated the deceased during the same period plaintiff's physician had seen and treated him, but the court sustained the objections thereto on the ground that the physicians could not testify what they had found or learned from the deceased for the purpose of treating him. The

Borosich v. Metropolitan Life Ins. Co. 191 Wis. 239.

object of this testimony on the part of the defendant was to refute the claim made by plaintiff's testimony that death was caused by the accident primarily without the intervention of any other cause except that proximately due to the accident. At the close of all the evidence both parties without reservation moved for a directed verdict. The court excused the jury. After due consideration the court reached the conclusion that it had erred in sustaining the objections to the testimony of the defendant's doctors seeking to contradict the evidence produced by the plaintiff as to the cause of death. It held that plaintiff had voluntarily opened up this subject and for that reason had waived the competency of the other physicians to testify. The court further held since both parties had moved for a directed verdict they had waived a jury trial and had submitted the entire case to the court for a decision of the facts as well as the law, citing in support of such conclusion *Ott v. Cream City Sand Co.* 166 Wis. 228, 164 N. W. 1005, and *Sheafor v. Standard Acc. Ins. Co.* 170 Wis. 307, 313, 174 N. W. 916. It thereupon opened the case and took the testimony itself, and at the conclusion of the testimony made findings sustaining plaintiff's position as to the cause of death, and upon such findings entered judgment in favor of the plaintiff for the amount of the policy. The defendant appealed.

For the appellant there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Albert K. Stebbins,* of counsel, and oral argument by *Mr. Stebbins* and *Mr. Raymond J. Moore,* all of Milwaukee.

For the respondent there was a brief by *L. A. Zavitovsky* and *Glicksman, Gold & Corrigan,* all of Milwaukee, and oral argument by *Mr. Walter L. Gold* and *Mr. Zavitovsky.*

VINJE, C. J. Under the ruling made in the case of *Maine v. Maryland C. Co.* 172 Wis. 350, 178 N. W. 749, to the effect that the statute, sec. 4075, gives a privilege to the

patient alone, which upon his death cannot be waived by his executor or by a beneficiary in an insurance policy, the court erred in receiving the evidence of physicians who treated him during his last illness.    The same ruling was made in the case of *Will of Hunt*, 122 Wis. 460, 100 N. W. 874, and since that case was decided the legislature amended the section by substituting for the words "shall not be compelled" the words "shall not be permitted," thus disclosing an intent to give legislative sanction to the rule established by the court.    In the face of such a legislative declaration we cannot depart from the established rule.    It follows that for this reason alone the case must be sent back for a new trial. In view of such new trial it is proper to say that the evidence of the two doctors who performed the autopsy is not barred by the statute, for they did not gain their information for the purpose of treatment.    Neither is the testimony of an interne, a nurse, or an attendant barred, because they are not legally admitted to practice and are not physicians within the meaning of the statute.

The judgment must be reversed for another reason.    The issue as to the cause of death was one for the jury.    As the case stood when both parties rested, there was evidence upon that issue only in favor of the plaintiff.    Defendant's evidence upon that issue had been excluded.    It had nothing but the certificate of death and proof of claim to rely upon and there was no dispute as to what they contained.    Neither was there any dispute about plaintiff's evidence as to the cause of death.    Both parties, upon such a record, might well move for a directed verdict.    But when the court later reached the conclusion that the defendant's testimony as to the cause of death had been erroneously excluded, the case opened up a jury issue, and the court could not deprive a party of his right to a jury trial.    The cases which the trial court relied upon do not meet the situation of this case.    In

*Ott v. Cream City Sand Co.* 166 Wis. 228, 164 N. W. 1005, the only issue was upon defendant's counterclaim, and the plaintiff at the close of the case moved to dismiss it. This the court, and properly so, treated as a motion for a directed verdict in plaintiff's favor and that he thereby waived a jury trial. No new testimony, as was done here injecting a jury question, was taken. In *Sheafor v. Standard Acc. Ins. Co.* 170 Wis. 307, 174 N. W. 916, a doctor was allowed to go on the stand, after the dismissal of the jury upon motions by both parties for a directed verdict had been made, and correct his evidence as to a date, there being no claim that the corrected date was not the true one.

When both parties without reservations move for a directed verdict they thereby, under the provisions of sec. 2857*a*, waive a jury trial as to the entire case. But such entire case is in substance as it then stands. It does not operate as a waiver of a jury on a new trial. In this case the court granted a new trial because of error committed upon the trial just had, and it could not deprive a party of a jury trial upon a jury issue then first permitted to be tried.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.