Kim D. TESKY, Plaintiff-Appellant-Petitioner,

v.

Keith A. TESKY and American Family Mutual Insurance Company, American Structural Systems, Inc., State Farm Mutual Automobile Insurance Company, and Lincoln County Department of Social Services, Defendants-Respondents.

Supreme Court

*No. 81–1216. Argued December 1, 1982.—Decided January 5, 1983.*

(Also reported in 327 N.W.2d 706.)

For the plaintiff-petitioner there were briefs by *Glenn H. Hartley, Leonard F. Schmitt* and *Schmitt, Hartley, Arndorfer & Schnabel, S.C.,* Merrill, and oral argument by *Leonard F. Schmitt.*

For the American Structural Systems, Inc., and State Farm Mutual Automobile Insurance Company, there was a brief by *Leon S. Schmidt, Sr.,* and *Schmidt, Thibodeau & Schmidt,* and oral argument by *David L. Grace,* all of Wisconsin Rapids.

LOUIS J. CECI, J.   The issue presented is whether a plaintiff who waived a jury trial at the first trial is entitled as a matter of right to have his case be decided by a jury on retrial because a modification in the applicable law introduced a new, disputed question of fact into the case. The trial court and the court of appeals held that the plaintiff was not so entitled. We disagree and, accordingly, we reverse.

American Structural Systems, Inc., one of the defendants in this action, owned a fleet of vehicles which it insured under a policy issued by State Farm Mutual Automobile Insurance Company. In January, 1976, American Structural assigned one of these vehicles, a pickup truck, to an employee, James Puphal, who agreed to purchase it and make payments to the company through payroll deductions.

There was testimony at the trial that Puphal had exclusive custody and control of the truck and that Puphal could use the truck as his personal vehicle. Puphal testified that he seldom used the truck at work, that he was responsible for the truck's maintenance and that he

considered himself to be the truck's owner after American Structural began deducting payments from his checks. However, American Structural retained the vehicle's title certificate, and the vehicle continued to carry license plates issued to the company.

On April 6, 1976, approximately four months after Puphal began to make payments for the truck, he permitted Keith Tesky to use it. While Keith Tesky was operating the vehicle, it was involved in an accident. Keith's brother, Kim Tesky, who was a passenger in the truck, was injured in this accident.

Kim Tesky then brought an action to recover for the personal injuries he received in the accident. The first part of the bifurcated trial was on the issue of coverage only. As a defense, American Structural alleged that it was not the owner of the vehicle. The plaintiff originally demanded a jury trial, but prior to the trial of the ownership issue, he waived that demand, and the issue of ownership was tried to the court.

At the time of the trial, *Knutson v. Mueller*, 68 Wis. 2d 199, 228 N.W.2d 342 (1975), was cited as the controlling law on this question. In *Knutson*, this court stated that strict compliance with sec. 342.15(3), Stats.,[1] conclu-

---

[1] Section 342.15, Stats. 1975, which is virtually identical to the current statute, provided in pertinent part:

"342.15 **Transfer of interest in a vehicle.** (1)(a) If an owner transfers an interest in a vehicle, other than by the creation of a security interest, the owner shall at the time of the delivery of the vehicle, execute an assignment and warranty of title to the transferee in the space provided therefor on the certificate, and cause the certificate to be mailed or delivered to the transferee, except that if the vehicle being transferred has been junked, the owner shall return the certificate to the division in accordance with s. 342.34.

". . .

"(3) Except as provided in s. 342.16 and as between the parties, a transfer by an owner is not effective until the provisions of this section have been complied with. An owner who has delivered pos-

sively proves that a transfer of ownership liability occurred. *Id.* at 207. The circuit court, relying on *Knutson,* concluded that as a matter of law, American Structural retained ownership of the truck in the damage action context, since it was undisputed that American Structural had not endorsed and delivered the certificate of title to Puphal. The trial court therefore concluded that the State Farm policy covered the accident. However, the court noted that Puphal was "in effect the 'true owner' as between the parties."

After judgment was entered on this issue but before trial of the remaining issues, this court decided *Bacheller v. Employers Mut. Liability Ins. Co.,* 93 Wis. 2d 564, 287 N.W.2d 817 (1980), which modified *Knutson.* In *Bacheller,* we held that the title certificate is only evidentiary: "[W]here it has not been endorsed and delivered, the intent and conduct of the parties govern." *Id.* at 573c. On State Farm's motion, the trial court vacated its judgment and ordered that the issue of ownership be retried. The trial court denied the plaintiff's demand that the retrial be before a jury.[2] The

session of the vehicle to the transferee and has complied with the provisions of this section requiring action by him is not liable as owner for any damages thereafter resulting from operation of the vehicle."

[2] The pertinent Wisconsin statutes are not particularly helpful in resolving the issue. Section 805.01 provides in part:

"805.01 **Jury trial of right.** . . .

"(2) DEMAND. Any party entitled to a trial by jury or by the court may demand a trial in the mode to which entitled at or before the pretrial conference. The demand may be made either in writing or orally on the record.

"(3) WAIVER. The failure of a party to demand in accordance with sub. (2) a trial in the mode to which entitled constitutes a waiver of trial in such mode. The right to trial by jury is also waived if the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court

plaintiff presented no new evidence at the second trial. The trial court, based on the evidence relating to the intent and conduct of the parties that had been presented at the first trial, concluded that Puphal owned the truck and dismissed American Structural and State Farm from the action.

The court of appeals affirmed the trial court's decision, stating that whether a party should be relieved from a waiver of a trial by jury is generally within the discretion of the trial court. *Tesky v. Tesky,* 106 Wis. 2d 491, 317 N.W.2d 172 (Ct. App. 1982). While recognizing that a party generally will not be held to a prior jury trial waiver when the trial court's judgment is reversed on appeal and the matter is remanded for a new trial, the court concluded that in this situation the trial court did not abuse its discretion in refusing to grant the plaintiff's demand for a jury trial. *Id.* at 494–95. The court reasoned that the trial court could have simply reopened the case for the taking of additional testimony on the ownership issue, leaving the waiver intact, rather than ordering a retrial on that issue. Noting that evidence of the parties' intent had been presented at the first trial, the court decided that the trial court could consider the duplication of time and effort that a retrial before a jury would have entailed. *Id.* at 495–96. The court of appeals further concluded that the trial court's determination that Puphal and American Structural had intended Puphal to be the truck's owner was not against the great weight and clear preponderance of the evidence. *Id.* at 496.

Unlike the court of appeals, our decision today does not turn on whether the trial judge abused his discretion in denying the plaintiff's request for a jury trial on

sitting without a jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

the retrial of the coverage issue. We hold that a party to a lawsuit is entitled as a matter of right to a jury trial on a question of fact if that issue is retried.

Although *Brown v. Cohn,* 88 Wis. 627, 636–37, 60 N.W. 826 (1894), suggests that the decision whether to set aside a stipulation to waive a jury trial is within the discretion of the trial court, we believe that this is not a correct statement of current Wisconsin law.[3]

In *Borosich v. Metropolitan Life Ins. Co.,* 191 Wis. 239, 210 N.W. 829 (1926), the plaintiff brought an action for accidental death benefit under an insurance policy. The trial court excluded the testimony of the defendant's witnesses concerning the cause of death of the decedent. At the close of the evidence, both parties, without reservation, moved for a directed verdict. After excusing the jury, the trial court decided that it had erred in excluding the testimony. The court held that since the parties had moved for a directed verdict, they had waived a jury trial. The trial court then opened the case and took the previously excluded testimony. At the conclusion of the testimony, the court decided in the plaintiff's favor and entered judgment accordingly.

This court reversed the judgment. One of the reasons for the reversal was that the trial deprived the defendant of his right to a jury trial. The court stated that the issue as to the cause of death was one for the jury. Before the defendant's evidence was admitted, there was no dispute about any of the evidence concerning the

---

[3] In *Brown v. Cohn,* the trial court released the plaintiff from the effect of the stipulation waiving a trial by jury. This court approved the granting of this motion, but stated that it "would not have been inclined to reverse the order had the plaintiff's motion been denied." This court explained that the stipulation was made when no difficult or disputed questions of fact were contemplated, and it was assumed that the case would turn substantially or wholly upon questions of law. It was later ascertained that other factual questions were involved. 88 Wis. at 637.

cause of death. However, when the defendant's evidence was subsequently admitted, the case opened up a jury issue. *Id.* at 242. The court reasoned that both parties had waived a jury trial as to the entire case,

"[b]ut such entire case is in substance as it then stands. It does not operate as a waiver of a jury on a new trial. . . . [The court] could not deprive a party of a jury trial upon a jury issue then first permitted to be tried." *Id.* at 243. *See also Hewitt v. Week,* 51 Wis. 368, 8 N.W. 269 (1881).

The defendants contend that the waiver carried over to the new trial because, unlike the situation where an appellate court reverses and remands for a new trial, the trial court in this case could have simply reopened the case, rather than ordering a new trial. This was the reasoning of the court in *Spaulding v. Cameron,* 127 Cal. App. 2d 698, 274 P.2d 177 (1954). Wisconsin, however, does not follow this rationale. In *Borosich,* as in the case before us, the trial court could have reopened the case instead of ordering a new trial; yet in *Borosich,* this court held that the defendant was entitled to a jury on retrial.

Moreover, a stipulation waiving a jury trial is a procedural stipulation, rather than a contractual one. "The manner in which the right of a jury is exercised or waived is a matter of procedure." *State ex rel. Sowle v. Brittich,* 7 Wis. 2d 353, 359, 96 N.W.2d 337 (1959). In *Paine v. Chicago & N.W. R. Co.,* 217 Wis. 601, 258 N.W. 846 (1935), this court reaffirmed the rule that procedural stipulations " 'are always understood to have reference to the trial then pending, and not as stipulations which shall bind at any future trial.' " *Id.* at 605, quoting *Weisbrod v. Chicago & N.W. R. Co.,* 20 Wis. 441, 443 (1866). More recently, we have held that procedural stipulations "have vitality only within the con-

text of the litigation for which they were entered into."
*State v. Craft,* 99 Wis. 2d 128, 134, 298 N.W.2d 530
(1980). We agree with the plaintiff that in the case
before us, the factual question of the parties' intent re-
garding the ownership of the truck was not "pending"
at the first trial when he waived his right to have the
ownership issue be decided by a jury. Only a subse-
quent change in the law introduced such a question into
the controversy.

We recognize that there is not unanimity on this issue
in other jurisdictions. However, we believe that our
holding today is in accord with the weight of authority.
*See Nedrow v. Michigan-Wisconsin Pipe Line Co.,* 246
Iowa 1075, 70 N.W.2d 843 (1955) ; *Schumacher v. Crane-
Churchill Co.,* 66 Neb. 440, 92 N.W. 609 (1902) ; *Burn-
ham v. North Chicago St. Ry. Co.,* 88 F. 627 (7th Cir.
1898) ; *F.M. Davies & Co. v. Porter,* 248 F. 397 (8th Cir.
1918) ; Annot., 106 A.L.R. 203, 205 (1937) ; Annot., 64
A.L.R.2d 506, 574 (1959) ; 47 Am. Jur. 2d *Jury* § 66
(1969).

In *Nedrow v. Michigan-Wisconsin Pipe Line Co.,* 246
Iowa at 1077, the court rejected the argument that a
waiver of a jury trial remains effective during the en-
tire life of the case in which it was made, stating that
"both sound logic and the weight of authority points
otherwise." The court cited the accepted definition of
"waiver"—a voluntary and intentional relinquishment
of a known right—as support for its conclusion. *Id.* We
think the reasoning of the court on this point is per-
suasive.

"If we are to say that the right waived must be an exist-
ing one, or even one reasonably anticipated, then this
waiver cannot be effective, as a right to a new trial was
not existent or reasonably anticipated." *Id.* at 1078.

Finally, we cannot accept the defendants' argument
that the question of ownership of the vehicle was one

of law, rather than one of fact, after the first trial. The trial court did state after the first trial that Puphal was the "true owner," concerning the question whether Keith Tesky had the implied permission of the named insured so as to bring the case within the rule of *Krebsbach v. Miller*, 22 Wis. 2d 171, 125 N.W.2d 408 (1963), and *Gross v. Joecks*, 72 Wis. 2d 583, 241 N.W.2d 727 (1976). From this, the defendants contend that the operant facts had been decided by the trial court and, on retrial, the court had to simply apply a new standard of law to those facts.

It is true that the facts were already in the record in the sense that there was no significant new evidence to present at the second trial. However, the defendants' argument glosses over the fact that this court's decision in *Bacheller* introduced a significant new factual question into the case—the intent and conduct of the parties regarding ownership of the vehicle. Therefore, the plaintiff is entitled to have these factual issues determined by a jury in a new trial.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded for a new trial.