IN RE the MARRIAGE OF: Ellis H. HUGHES,
Petitioner-Appellant,†

v.

Ann D. HUGHES, Respondent.

Court of Appeals

*No. 88-0404. Submitted on briefs October 5, 1988.—Decided
December 7, 1988.*

(Also reported in 434 N.W.2d 813.)

† Petition to review denied.

168

On behalf of the petitioner-appellant, the cause was submitted on the brief of *August E. Fabyan, Jr.* of *Haight & Fabyan* of Hartland.

On behalf of the respondent, the cause was submitted on the brief of *Steven C. Wimmer* of *Wimmer Law Offices* of Waukesha.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.    Ellis H. Hughes appeals from the property division provisions of a divorce judgment. Ellis argues that the trial court erred by (1) including in the marital estate a $10,000 certificate of deposit which he contends is really an asset of his deceased mother's estate; and (2) dividing his inherited property pursuant to a hardship determination. We reject Ellis' arguments and affirm the judgment.

## FACTS

Ellis and Ann Hughes were married on March 17, 1948. They raised their six children, all of whom are adults. Ann has no advanced education and was a homemaker most of her married life. She has, however, worked full time since 1977 and is currently employed at an industrial cafeteria earning $5.95 per hour. She suffers from emphysema. Her doctor has recommended that she stop working.

Ellis is a mechanic. He purchased a garage business site with help from his parents and operated his

own garage repair business during the marriage. In 1968 he began experiencing serious health problems and has performed only minor occasional repair jobs since. Ellis receives social security disability income of $592 per month.

The marital estate was valued at $126,700. The principal assets are the parties' residence valued at $77,100 and the business garage valued at $27,400. Unfortunately, neither party's brief offers even a hint as to the value of the property which Ellis inherited from the estate of his mother, Madge. From our reading of the trial court's decision (not included in any appendix), we have learned that one item of the inherited property, Madge's residence, was valued at $51,500. The decision does not otherwise recite or estimate the value of the other inherited property.[1]

Without expressly saying so, the trial court appears to have fashioned an equal property division. We deduce this from the fact that the court awarded Ann the parties' residence ($71,100), while Ellis was awarded Madge's residence ($51,500) and the garage site ($27,400).[2] The balance of Madge's estate was divided equally between the parties.[3] Maintenance was held open as to each party. Additional facts will be provided as the discussion of the issues warrants.

[1]Some of the uncertainty on this question may have been because the estate proceedings were still pending when the trial court issued its decision.

[2]Other lesser awards of personal property and debt allocation carried out the equal division of property.

[3]Although the trial court's decision recites that the "entire estate shall be divided equally," we interpret this to apply only to the balance of the estate after the award of Madge's residence to Ellis. The parties appear to adopt the same interpretation.

CERTIFICATE OF DEPOSIT[4]

In an interim ruling while the action was pending, the trial court determined that the $10,000 certificate of deposit was a marital asset. The court confirmed this ruling in its final decision. Ellis claimed that the certificate of deposit was really his mother's and that the certificate was titled in his name only because he could not obtain a limited power of attorney over the fund.

The question before the trial court was the ownership of the certificate. This presented a question of fact. *See Tesky v. Tesky,* 106 Wis. 2d 491, 496, 317 N.W.2d 172, 174–75 (Ct. App. 1982), *rev'd on other grounds,* 110 Wis. 2d 205, 377 N.W.2d 706 (1983). The court expressly rejected Ellis' testimony on credibility grounds. The court alluded to Ellis' evasiveness on this question and his inability to fully account for the proceeds of this sale. We are required to give due regard to the opportunity of a trial court to judge the credibility of the witnesses. Sec. 805.17(2), Stats.

[4]Ann interprets Ellis' argument as challenging the inclusion of *two* certificates of deposit in the marital estate—a $10,000 certificate and another $3700 certificate. Although Ellis does state that the trial court erred by including *certificates* of deposit in the marital estate, we interpret Ellis' brief as challenging only the $10,000 certificate. We do so because the thrust of Ellis' argument is that the court erred in its finding that the source of the certificate funds was the proceeds resulting from a sale of a building owned by the parties. However, this finding relates *only* to the $10,000 certificate. No argument is developed as to the $3700 certificate. Therefore we do not address this claim. *Reiman Assocs. v. R/A Advertising, Inc.,* 102 Wis. 2d 305, 306 n. 1, 306 N.W.2d 292, 294 (Ct. App. 1981).

Besides rejecting Ellis as a credible witness on this question, the trial court further found that the source of the funds was the sale of a building—a marital asset—during the marriage. This finding is supported by certain of the evidence. Although Ellis was evasive in accounting for the sale proceeds, a document in his own handwriting indicated that $10,000 of the proceeds had been invested in a federal reserve bill.

Among the factors to be considered in an ownership inquiry are title, control, intent, possession, and right to use. *Tesky,* 106 Wis. 2d at 496–97, 317 N.W.2d at 175. With these factors in mind, we conclude that the evidence in this case fully supports the trial court's finding that the proceeds of the sale were the source of the certificate funds. Thus, the court's ultimate finding that Ellis owned the certificate is not clearly erroneous.

## HARDSHIP

Section 767.255, Stats., provides in part:

> Any property shown to have been acquired by either party prior to or during the course of the marriage as a gift, bequest, devise or inheritance or to have been paid for by either party with funds so acquired shall remain the property of such party and may not be subjected to a property division under this section except upon a finding that refusal to divide such property will create a hardship on the other party or on the children of the marriage, and in that event the court may divest the party of such property in a fair and equitable manner.

Hardship is a discretionary finding which we will affirm if there is any reasonable basis for it. *Asbeck v.*

*Asbeck*, 116 Wis. 2d 289, 295, 342 N.W.2d 750, 753 (Ct. App. 1983). The proper exercise of discretion requires a reasoning process dependent upon the facts in, or reasonable inferences from, the record and a conclusion based upon proper legal standards. *Id.* at 293, 342 N.W.2d at 752–53.

We have recently refined the law of hardship by declaring that the nonowning spouse must demonstrate a condition of financial privation or difficulty in order to establish hardship. *Popp v. Popp*, 146 Wis. 2d 778, 792, 432 N.W.2d 600, 605 (Ct. App. 1988). This is based upon the premise that the legislature intended different criteria for the division of marital property on the one hand and exempt property on the other. The division of marital property rests upon principles of fairness and equity while the division of exempt property rests upon the principle of hardship, meaning financial privation or difficulty. *Id.* at 792, 432 N.W.2d at 604–05.

Our decision in *Popp* had not yet been released when this case was tried and decided. Nonetheless, the trial court's reasoning squarely addresses and clearly satisfies the *Popp* test for hardship. In addition to other factors, the court noted: (1) its concern for Ann's comfort and convenience; (2) Ann's age and health problems; (3) Ann's meager income, lack of education and bleak job future; (4) Ellis' concealment and diversion of marital assets to the detriment of the marital estate; (5) Ellis' commingling of marital funds with Madge's property to the detriment of the marital estate; (6) Ellis' inability to pay present or future maintenance; (7) the necessity for Ann to live off her property division if only marital assets were considered; and (8) Ann's inability to provide herself a proper lifestyle were the inherited property not divided. This last factor

particularly considers and satisfies the financial privation or difficulty test set out in *Popp. Id.* at 792, 432 N.W.2d at 605.

We recognize that Ellis is able to muster arguments as to his own claimed hardship if the exempt property is factored into the property division. Regardless, if the property division utilizing the exempt assets appears to equalize the burdens of the parties, we cannot say that an abuse of discretion has occurred. The trial court's reasoning represents a process related to the facts of this case, or the reasonable inferences therefrom, and properly is based upon the applicable test set forth in *Popp. Id.* at 791, 432 N.W.2d at 604. Therefore, no abuse of discretion is present.

*By the Court.*—Judgment affirmed.