In re the TERMINATION OF PARENTAL RIGHTS TO
DORRAJ J. J., a person under the age of 18:

WALWORTH COUNTY DEPARTMENT OF
HEALTH & HUMAN SERVICES,
Petitioner-Respondent,

v.

ROBERTA J. W., Respondent-Appellant.
[Case No. 2012AP2387]

In re the TERMINATION OF PARENTAL RIGHTS TO
EXSAVON A. J., a person under the age of 18:

WALWORTH COUNTY DEPARTMENT OF
HEALTH & HUMAN SERVICES,
Petitioner-Respondent,

v.

ROBERTA J. W., Respondent-Appellant.
[Case No. 2012AP2388]

Court of Appeals

*Nos. 2012AP2387, 2012AP2388.*
*Submitted on briefs June 26, 2013.—Decided July 24, 2013.*

2013 WI App 102

(Also reported in 836 N.W.2d 860.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Faun M. Moses*, assistant state public defender of Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Michelle M. Snead*, assistant corporation counsel, Elkhorn.

Before Brown, C.J., Neubauer, P.J., and Gundrum, J.

¶ 1. GUNDRUM, J.[1] Terminating a parent's rights to his or her child affects some of that parent's most fundamental human rights. *Evelyn C.R. v. Tykila S.*, 2001 WI 110, ¶ 20, 246 Wis. 2d 1, 629 N.W.2d 768. The permanency of termination orders "work[s] a

---

[1] This appeal was converted from a one-judge appeal to a three-judge appeal under Wis. Stat. Rule 809.41(3) (2011–12). All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

unique kind of deprivation . . . involv[ing] the awesome authority of the State to destroy permanently all legal recognition of the parental relationship." *Id.* (quoting *M.L.B. v. S.L.J.*, 519 U.S. 102, 127–28 (1996)). "Although 'the best interests of the child' standard set forth in Wis. Stat. § 48.01(1) [2009–10] is a matter of paramount consideration in a termination proceeding . . . [that] standard does not dominate until the parent has been found unfit." *Dane Cnty. DHS v. Mable K.*, 2013 WI 28, ¶ 59, 346 Wis. 2d 396, 828 N.W.2d 198. "During the fact-finding phase, 'the parent's rights are paramount.' Thus, parents in the fact-finding phase of termination of parental rights proceedings require heightened legal safeguards to prevent erroneous decisions." *Id.*, ¶ 60 (citations omitted).

¶ 2. Since 2007, the trial court has held three fact-finding hearings on Walworth County Department of Health & Human Services' petitions to terminate Roberta J. W.'s parental rights to Dorraj J. J. and Exsavon A. J.[2] None have gone well for Roberta or the County. Unfortunately, the high stakes involved in this lengthy case are Roberta's rights to her children and her children's well-being.

¶ 3. Roberta now appeals the third termination of her parental rights.[3] She contends the trial court erred when it held that her jury waiver and stipulation to two of the four elements needed to prove her unfit as a

[2] Though Walworth County filed separate petitions for Dorraj J. J. and Exsavon A. J., both petitions were addressed together at the fact-finding hearings.

[3] The decisions from her two prior appeals can be found at *Walworth County DHHS v. Roberta W.*, Nos. 2008AP1236/2008AP1237, unpublished slip op. (WI App Nov. 12, 2008), and *Walworth County DHHS v. Roberta J. W.*, Nos. 2010AP2248/2010AP2249, unpublished slip op. (WI App June 22, 2011).

parent, both of which she executed prior to her second fact-finding hearing, were still effective on remand for a third fact-finding hearing and operated to deny her both a jury and a determination on those two elements at that hearing. We agree with Roberta and reverse.

## BACKGROUND

¶ 4. In 2005, the County removed Dorraj and Exsavon from Roberta's care and, in 2007, petitioned to terminate Roberta's parental rights to both children on the ground that they were in continuing need of protection or services (CHIPS). Roberta requested and received a jury for the fact-finding hearing on those petitions. After that hearing and a dispositional hearing, the trial court entered orders terminating Roberta's parental rights. Roberta appealed, and we reversed and remanded for a new fact-finding hearing.

¶ 5. Five days before the second fact-finding hearing was scheduled to begin, Roberta waived her right to a jury and stipulated to two of the four continuing CHIPS elements the County would have to prove, with the understanding that the hearing would be set over for six months and visitation with her children would resume. The court accepted Roberta's jury waiver and elements stipulation, set over the fact-finding hearing for six months, and ordered visitation resumed. Following the fact-finding hearing before the court on the two remaining elements, and a dispositional hearing, the trial court again entered orders terminating Roberta's parental rights. On appeal, we reversed on the ground of judicial bias during the fact-finding hearing and remanded the matter for a new, third, fact-finding hearing.

¶ 6. Upon remand, Roberta requested that the third fact-finding hearing be before a jury and on all

696

four elements. The request was opposed by the County and denied by the newly assigned trial court judge. The court concluded that the jury waiver remained effective on remand, stating "given that it's a statutory right, not a constitutional right . . . once a waiver always a waiver." The court, without additional explanation, further held that the elements stipulation also remained in effect for the third fact-finding hearing. The court then held the hearing without a jury and required the County to prove only the two elements to which Roberta had not previously stipulated. The court found Roberta unfit and, after a dispositional hearing, again entered orders terminating her parental rights. She appeals. Additional facts are provided as necessary.

## DISCUSSION

¶ 7. Roberta and the County dispute whether Roberta's jury waiver and elements stipulation remained effective upon remand for the third fact-finding hearing. We conclude they did not.

■

¶ 8. The question of whether Roberta's waiver and stipulation survived on remand implicates the trial court's requirement to provide a parent fundamentally fair procedures in a parental rights termination proceeding; an issue we review de novo. *See Mable K.*, 346 Wis. 2d 396, ¶ 40; *see also Tesky v. Tesky*, 110 Wis. 2d 205, 209–10, 327 N.W.2d 706 (1983). On this question, we find our supreme court's decision in *Tesky* particularly instructive. In that case, the plaintiff waived his right to a jury for a trial on the issue of insurance coverage, which centered on the question of ownership of a vehicle involved in an accident. *Tesky*, 110 Wis. 2d at 207. The controlling law at the time of the waiver

was that transfer of a title certificate alone conclusively proved a transfer of ownership liability. *Id.* at 207–08. After judgment was entered related to ownership liability, but before trial on the remaining issues, the supreme court issued a decision which modified the law on the ownership issue by holding that the intent and conduct of the parties affected the ownership determination. *Id.* at 208–09, 213. In light of this new decision, the trial court vacated its judgment and retried the ownership issue; however, it denied the plaintiff's demand that the retrial be before a jury. *Id.* at 208–09. The plaintiff appealed. *Id.* at 209.

¶ 9. On appeal, we recognized that "[a]s a general rule, a party will not be held to a prior jury trial waiver when the trial court's judgment is reversed on appeal and the matter is remanded for a new trial." *Tesky v. Tesky*, 106 Wis. 2d 491, 495, 317 N.W.2d 172 (Ct. App. 1982). Nonetheless, we affirmed, concluding that the trial court had not abused its discretion in declining to grant the plaintiff's request for a jury.[4] *Id.* at 495–96.

██

¶ 10. The supreme court reversed, conclusively holding that the decision to set aside a jury waiver on retrial is not a discretionary one. *Tesky*, 110 Wis. 2d at 209–10. The court noted that "a stipulation waiving a jury trial is a procedural stipulation, rather than a contractual one . . . [and] procedural stipulations 'are always understood to have reference to the trial then pending, and not as stipulations which shall bind at any future trial.' " *Id.* at 211. While the *Tesky* decision could

---

[4] In so concluding, we based our decision on the unique facts of the case, including that the trial court could have simply reopened the case for the taking of additional evidence, leaving the waiver intact, rather than ordering a retrial. *Tesky v. Tesky*, 106 Wis. 2d 491, 495–96, 317 N.W.2d 172 (Ct. App. 1982).

be read as limited to cases where a change in the law introduces a new question of fact for retrial, *see id.* at 213, the court also used clear language suggesting a broader rule: "We hold that a party to a lawsuit is entitled as a matter of right to a jury trial on a question of fact if that issue is retried," *id.* at 210. Other jurisdictions have adopted similar rules. *See United States v. Lee,* 539 F.2d 606, 608–09 (6th Cir. 1976) ("[W]hen a reviewing court finds error in the conduct of a trial and reverses with directions for a new trial . . . the general rule is that a litigant is not bound by his prior waiver of a jury trial."); *F.M. Davies & Co. v. Porter,* 248 F. 397, 398 (8th Cir. 1918) (Where the "first trial was had to the court, a jury having been waived by stipulation in writing, . . . such a stipulation does not affect the right of either party to demand a trial by jury, on a second trial, after the judgment in the first trial has been reversed and remanded for a new trial."); *Burnham v. North Chicago St. Ry. Co.,* 88 F. 627, 629–30 (7th Cir. 1898) ("A stipulation to waive [a jury trial], followed by an order of the court, is not in the nature of a private contract founded upon a consideration . . . . It is a proceeding in court" and "the agreement to waive the right of trial by jury must ordinarily be construed to apply only to the particular trial at which it is made." (Citation omitted.)); *Nedrow v. Michigan-Wisconsin Pipe Line Co.,* 70 N.W.2d 843, 844 (Iowa 1955) ("[C]onditions may be wholly different at the second trial from what they were at the first. There may be a different judge, and the jury to be obtained may also be different in character. Then it is hardly fair to presume that by waiving a jury for one trial the parties intended to waive a jury for any further trial that may be had under the statutes." (quoting *Cochran v. Stewart,* 68 N.W. 972, 973 (Minn. 1896))); *People v.*

*Hamm*, 298 N.W.2d 896, 899 (Mich. Ct. App. 1980) ("When [the defendant] initially waived his right to a trial by jury, that waiver only had relation to the first trial. There could be no presumption at the time of the waiver that there would ever be a second trial. When this Court affirmed the trial judge's declaration of mistrial and remanded for a second trial, the parties were returned to their original positions, and defendant's original waiver of a jury trial was nullified. To decide otherwise would require us to read the original jury waiver as applying in all retrials, should they be ordered. This we decline to do."); *Seymour v. Swart*, 695 P.2d 509, 512 (Okla. 1985) (Court agreed with the "majority view" that "in the absence of a statute or stipulation compelling a contrary conclusion, a waiver of a jury trial is not binding on a subsequent trial if the right to trial by jury is otherwise applicable. The right of trial by jury may be demanded and exercised as if the remanded proceedings were initiated afresh.").

¶ 11. "[W]aiver is the intentional relinquishment or abandonment of a known right." *State v. Ndina*, 2009 WI 21, ¶ 29, 315 Wis. 2d 653, 761 N.W.2d 612 (citation omitted). Related to this, the *Tesky* court concluded: "If we are to say that the right waived must be an existing one, or even one reasonably anticipated, then this waiver cannot be effective, as a right to a new trial was not existent or reasonably anticipated." *Tesky*, 110 Wis. 2d at 212 (citations omitted). Here, at the time of Roberta's jury waiver and elements stipulation before the second fact-finding hearing, Roberta did not yet have a right to a third fact-finding hearing, nor could she have reasonably anticipated the trial court would exercise judicial bias in the second hearing, thereby necessitating a third

hearing.[5] The County has identified no evidence in the record suggesting Roberta intended to waive her right to a jury for fact-finding hearings beyond the one pending at the time of her waiver. We conclude that, absent an unambiguous declaration that a party intends to bind itself for future fact-finding hearings or trials, a jury waiver applies only to the fact-finding hearing or trial pending at the time it is made. *See Lee*, 539 F.2d at 608–09 ("Unless the language of a waiver unambiguously states that it will apply in all retrials should they be ordered, a waiver should not continue in effect after the jurisdiction of the court to which it was tendered terminates upon the taking of an appeal.").

¶ 12. Our conclusion also appears in accord with our supreme court's recent decision in *Mable K.* In that case, a mother facing a petition to terminate her parental rights demanded a jury for the fact-finding hearing. *Mable K.*, 346 Wis. 2d 396, ¶¶ 5, 65. During the second day of that hearing, the trial court entered a default judgment against the mother. *Id.*, ¶¶ 14, 66. On appeal, the supreme court concluded the trial court erred in entering the default judgment. *Id.*, ¶ 3. In deciding on an appropriate remedy upon remand, the court considered but rejected the idea that the mother should be returned procedurally to the time of the error, which, under the unique facts of that case, would have meant that any additional evidence the mother offered would be considered by the court as fact finder, not a jury. *Id.*, ¶¶ 58, 62. Recognizing that the mother had properly demanded, and had not waived, her right to a jury, the court concluded that returning her procedurally to the time of the error would deprive her of that

---

[5] Indeed, it is hard to imagine Roberta waiving her right to a jury if she had any inclination the court would be biased against her at the hearing.

right. *Id.*, ¶¶ 65–66. The court determined that, under the facts before it, a new fact-finding hearing was the only fair remedy that "recognize[d] and enforce[d] [the mother's] statutory right[] . . . to a jury." *Id.*, ¶ 72.

¶ 13. The supreme court noted that the relevant statute, Wis. Stat. § 48.31(2), provides that a fact-finding hearing is to be to the court unless a jury trial is demanded before or during a plea hearing. *Mable K.*, 346 Wis. 2d 396, ¶ 65 n.14. Significant to our case, the court, while aware the mother properly had demanded a jury for the first fact-finding hearing, stated that, upon remand, "[a] new jury may be empaneled *if [the mother] chooses to demand one.*" *Id.*, ¶ 73 (emphasis added). It reiterated that instruction at the beginning and end of its decision, stating, "[W]e reverse and remand to the circuit court for a new fact-finding hearing to be heard by a jury *if [the mother] timely demands one.*" *Id.*, ¶¶ 4, 75 (emphasis added).

¶ 14. While the facts in *Mable K.* are substantively different from those before us, including the fact that the mother there never waived her right to a jury as Roberta did here, we find it noteworthy that the court, aware that the mother had already properly demanded a jury for the original fact-finding hearing, did not consider that jury demand to remain effective upon remand. Rather, the court expressly stated that the mother would need to again demand a jury if she desired one for the new fact-finding hearing. *See id.* This appears consistent with *Tesky*, which instructs that "[t]he manner in which the right of a jury is *exercised* or *waived* is a matter of procedure" that is understood as referring "to the trial then pending" and does not apply to future trials. *Tesky*, 110 Wis. 2d at 211 (emphasis added; citations omitted). As with the *Mable K.* mother's prior jury demand, Roberta's waiver, being

a "matter of procedure," did not remain effective upon remand from the second appeal. Upon her proper demand for a jury for the third fact-finding hearing,[6] Roberta was entitled to a jury; and upon remand from this decision, she again will be entitled to have the fourth fact-finding hearing heard by a jury if she properly demands one.

¶ 15. Our conclusion is further supported by an examination of one of the proof requirements at issue here. Among other elements the County must prove for Roberta to be found unfit on the continuing CHIPS ground, it must prove there is a substantial likelihood Roberta will not meet the conditions for the safe return of her children to the home within the twelve-month period following the conclusion of the fact-finding hearing. *See* Wis. Stat. § 48.415(2)(a)3 (2003–04); Wis JI—Children 324. The jury instructions related to this element clarify that the fact finder may consider all evidence bearing on this issue since the filing of the petition(s), including evidence of events and conduct occurring up to and during the time of the fact-finding hearing. Wis JI—Children 324. Thus, by its nature, this element (one to which Roberta did not stipulate) is dynamic; the facts needed to prove it depend upon when the fact-finding hearing is held because the period of time the fact finder must necessarily consider will be different. For example, evidence the fact finder could consider for Roberta's second hearing included events and conduct occurring up to and during that hearing, which was held in *April 2010,* while evidence the fact finder could consider at her third hearing included events and conduct occurring through that hearing, which was in *June 2012,* more than two years later.

---

[6] None of the parties suggest Roberta failed to properly demand a jury for the third fact-finding hearing.

Likewise, the twelve-month period following Roberta's second fact-finding hearing was April 2010 to April 2011, while the twelve-month period following the third fact-finding hearing was June 2012 to June 2013. Thus, for the third, and now the fourth, fact-finding hearing, facts not existing at the time of the second hearing could be relevant.[7] Simply put, at the time of her jury waiver and elements stipulation, Roberta could not have anticipated what the evidence related to this element might be two and one-half years later. Similar to *Tesky*, where the proof required to answer a key question—vehicle ownership—changed between the original trial and retrial, here, our reversal and remand due to judicial bias in the second fact-finding hearing changed the proof required for the third hearing. Thus, on remand for that third hearing, fundamental fairness required that Roberta not be bound to the jury waiver she executed in anticipation of the second hearing.

■■■

¶ 16. The trial court indicated that its decision was based, at least in part, upon the fact that the right to a jury at a fact-finding hearing is statutory,[8] not constitutional. This distinction makes no difference here. As previously indicated, the waiver was a proce-

---

[7] For example, some of the conditions for the safe return of the children required that Roberta cooperate with psychological and psychiatric evaluations and follow through with recommendations. Related to this, testimony was presented at the second fact-finding hearing that Roberta had started but dropped out of a "dialectical behavioral treatment" program. By contrast, at the third hearing, one of Roberta's Walworth County caseworkers testified that Roberta had successfully completed that program.

[8] *See* Wis. Stat. §§ 48.31(2), 48.424(2).

dural move binding only upon the proceeding pending at that time. *See Tesky*, 110 Wis. 2d at 211. Further, concerned that the remedy of simply returning to the point in the proceedings when the error occurred improperly took away the mother's right to a jury, the *Mable K.* court expressly fashioned its remedy to ensure a fair hearing on remand that "recognize[d] and enforce[d]" this "statutory right." *Mable K.*, 346 Wis. 2d 396, ¶¶ 65, 72. Following the supreme court's guidance, we consider a parent's statutory right to a jury at a fact-finding hearing to be a significant right and we decline to hold that Roberta waived that right for future fact-finding hearings absent an unambiguous declaration of her intent to do so.

■

¶ 17. While the trial court's ruling and the parties' briefing on appeal almost exclusively focused on the jury waiver issue, we nonetheless address the issue of Roberta's elements stipulation and conclude that this stipulation also did not survive remand for a third fact-finding hearing. The elements stipulation, like the jury waiver, was procedural and was effective only for the fact-finding hearing pending at the time. *See Tesky*, 110 Wis. 2d at 211 ("[P]rocedural stipulations 'are always understood to have reference to the trial then pending, and not as stipulations which shall bind at any future trial.' "); *see also Paine v. Chicago & N.W. Ry. Co.* 217 Wis. 601, 604–06, 258 N.W. 846 (1935). As with the jury waiver, the County has identified no evidence in the record suggesting Roberta intended to stipulate to the two continuing CHIPS elements for future fact-finding hearings. Accordingly, upon remand, Roberta is entitled to have the County prove all four continuing CHIPS elements.

¶ 18. For the foregoing reasons, we reverse and remand for a new fact-finding hearing on all four continuing CHIPS elements to be heard by a jury if Roberta properly demands one. The new hearing should be held at the earliest reasonable opportunity.

*By the Court.*—Orders reversed and cause remanded with directions.