COURT OF APPEALS
DECISION
DATED AND FILED

August 22, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1324-CR**

Cir. Ct. No. 2018CF705

STATE OF WISCONSIN

**IN COURT OF APPEALS
DISTRICT IV**

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

STEPHAN C. VANCE,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Rock County: BARBARA MCCRORY, Judge. *Affirmed*.

Before Blanchard, Graham, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Stephan Vance appeals a judgment of conviction and an order denying his motion for postconviction relief.  Vance was convicted after a bench trial, and he now seeks a new trial.  He argues that the colloquy the circuit court conducted regarding his right to a jury trial was insufficient to establish a knowing, intelligent, and voluntary waiver of the right.  He also argues that even if the colloquy was sufficient, his waiver did not apply to his rescheduled trial date. We reject these arguments and therefore affirm.

## Background

¶2     Vance was charged in this case in 2018.  In late January 2020, the parties appeared for a final pretrial conference in advance of a jury trial scheduled for the following week.  Vance's counsel informed the circuit court that counsel had just learned from Vance that Vance had suffered a stroke the previous November for which he was receiving treatment and that Vance was having some memory issues as a result of the stroke.  Counsel also informed the court that Vance was prepared to waive his right to a jury trial and proceed with a bench trial using the existing trial date the following week.

¶3     The circuit court conducted a colloquy with Vance regarding his right to a jury trial.  Vance stated that he understood the information the court was providing, and he confirmed that he wanted to waive his right to a jury trial.

¶4     During the colloquy, the circuit court asked Vance if he had enough time to discuss the matter with counsel.  Vance did not respond with a yes or no. Instead, he stated that "today [is] the first time I get to speak with [counsel] in like four or five months" and that he and his attorney were "not really on the same page,

but I want to get it over." He expressed concern that his case was impeding his recovery.[1]

¶5     The circuit court followed up with additional questions, noting that Vance appeared to be having some issues with his speech as a result of his stroke. Vance continued to express concern for his health and treatment and to state that he wanted to get the case over with. This prompted the court to ask Vance if there was anything interfering with his ability to understand the information being discussed. Vance responded that there was not.[2]

¶6     Upon concluding its colloquy with Vance, the circuit court turned to Vance's counsel and asked counsel if counsel believed that Vance understood his right to a jury trial. Counsel responded, "I think he does." The court also asked counsel if counsel believed that Vance was waiving his right to a jury trial intelligently and voluntarily. Counsel responded, "Yes."

---

[1] Vance's complete response to the circuit court's question regarding whether he had sufficient time to discuss his waiver to with counsel was as follows:

> Well, today [is] the first time I get to speak with [counsel] in like four or five months, but I—we [are] not really on the same page, but I want to get it over. I'm tired of coming down here, and it's impeding my recovery, and I'm back and forth two or three times a month to the courts in Gunderson, and this is too much. I'm ready to get it over with and I don't want to be taking up your courtroom either.

[2] The exchange between the circuit court and Vance in which the court expressly asked Vance about his ability to understand was as follows:

> THE COURT:  That's what I want to know.  I want to make sure that you understand, and I'm not trying to push you, and I'm—and I want to make sure that you understand the issues and you understand what you're doing.  And there's nothing that's interfering with your ability to understand what's going on?
>
> THE DEFENDANT:  No, ma'am.

3

¶7    After completing its questioning of Vance and counsel, the circuit court concluded that Vance was freely and voluntarily waiving his right to a jury trial.

¶8    The case did not proceed to trial as scheduled the following week. Rather, the trial was rescheduled and held several months later.

¶9    Vance filed a postconviction motion, arguing that he did not knowingly, voluntarily, and intelligently waive his right to a jury trial. The circuit court denied the motion.

## Discussion

¶10    Whether a defendant knowingly, voluntarily, and intelligently waived a constitutional right is a question of "constitutional fact" involving a two-part standard of review. *State v. Denson*, 2011 WI 70, ¶48, 335 Wis. 2d 681, 799 N.W.2d 831. We defer to the circuit court's findings of historical fact unless the findings are clearly erroneous. *Id.* However, we independently review the application of constitutional principles to the facts. *Id.*

¶11    Here, Vance argues that he did not validly waive his right to a jury trial for two reasons. First, he argues that the circuit court's colloquy was insufficient to establish a knowing, intelligent, and voluntary waiver. Second, he argues that even if the colloquy was sufficient, his waiver did not apply to the rescheduled trial date.

### Sufficiency of the Colloquy

¶12    In *State v. Anderson*, 2002 WI 7, 249 Wis. 2d 586, 638 N.W.2d 301, our supreme court "mandate[d] the use of a personal colloquy in every case where

a criminal defendant seeks to waive [the] right to a jury trial." *Id.*, ¶3. The colloquy must be "designed to ensure" that the defendant:

> (1) made a deliberate choice, absent threats or promises, to proceed without a jury trial; (2) was aware of the nature of a jury trial, such that it consists of a panel of 12 people that must agree on all elements of the crime charged; (3) was aware of the nature of a court trial, such that the judge will make a decision on whether or not [the defendant] is guilty of the crime charged; and (4) had enough time to discuss this decision with [the defendant's] attorney.

*Id.*, ¶24.

¶13 Here, Vance argues that the colloquy was insufficient with respect to the first and fourth *Anderson* requirements, although in his reply brief he concedes that his argument is based primarily on the fourth requirement. He points to his response to the circuit court's question regarding whether he had sufficient time with counsel: "[T]oday [is] the first time I get to speak with [counsel] in like four or five months, but I—we [are] not really on the same page, but I want to get it over."

¶14 Vance argues that his response is insufficient to show that he had enough time to discuss his waiver with counsel. He also argues that his response shows that he was not prepared to address the matter, having suffered a stroke and been "incommunicado with his lawyer" for several months. He further argues that his responses during the colloquy show more generally that he was struggling to express himself and that his only goal was to move his case forward, which was a goal that had no clear connection with waiving his right to a jury trial, given that a jury trial had already been scheduled for the following week.

¶15 The State argues that Vance has forfeited any argument based on the first *Anderson* requirement because he conceded during postconviction proceedings

5

that the circuit court's colloquy satisfied that requirement. The State also argues that even if Vance did not forfeit this argument, the argument fails on its merits. The State also argues that Vance's argument based on the fourth *Anderson* requirement fails on its merits.

¶16     Setting aside the forfeiture issue, we agree with the State that the circuit court's colloquy with Vance satisfied both the first and fourth *Anderson* requirements.[3]

¶17     As to the first *Anderson* requirement, the circuit court expressly asked Vance whether anyone had promised him anything or threatened him to give up his right to a jury trial, and Vance unequivocally responded, "No." This unequivocal response, in combination with Vance's responses to the court's other questions, establishes that the court conducted a sufficient inquiry into whether Vance "made a deliberate choice, absent threats or promises, to proceed without a jury trial." *See Anderson*, 249 Wis. 2d 586, ¶24. The alleged lack of a clear connection between Vance's goal of moving his case forward and waiving his right to a jury trial does not persuade us that the court's colloquy was defective.

¶18     As to the fourth *Anderson* requirement, the question is a closer call. Although the circuit court expressly asked Vance whether he had enough time to discuss his jury trial waiver with his attorney, exactly as *Anderson* contemplates, Vance provided an ambiguous response—"[T]oday [is] the first time I get to speak with [counsel] in like four or five months, but I—we [are] not really on the same page, but I want to get it over"—and the court did not follow up with additional

---

[3] The State argues that the colloquy also satisfied the second and third *Anderson* requirements. Although we appreciate the State's thoroughness in addressing all four requirements, we do not discuss the second and third requirements because they are not in dispute.

questions to clarify Vance's response on the specific issue of whether Vance had sufficient time to discuss his waiver with counsel. Rather, the court asked Vance and his counsel other questions that appeared designed to explore Vance's understanding more generally and to determine whether his waiver was therefore knowing and voluntary.

¶19 However, having considered the circuit court's colloquy as a whole, we conclude that the colloquy satisfied the fourth *Anderson* requirement, and we also conclude that the court implicitly found that Vance had enough time to discuss his waiver with counsel. The court's colloquy left no doubt that the court was aware of the *Anderson* requirements; and the court concluded, after questioning both Vance and his counsel regarding Vance's understanding, that Vance was waiving his right to a jury trial freely and voluntarily. In these circumstances, it would be illogical to conclude that the court did not implicitly find that Vance had enough time to discuss his waiver with counsel.

¶20 We further conclude that the circuit court's implicit finding is supported by the record and not clearly erroneous. Vance's ambiguous response to the court's question regarding whether he had sufficient time to discuss his waiver with counsel is subject to multiple interpretations. One interpretation is that he did not have enough time to discuss his waiver with counsel. However, another reasonable interpretation, especially considering the context of the colloquy as a whole, is that Vance had enough time to discuss the matter with counsel but simply disagreed with one or more aspects of counsel's advice. We are satisfied that the court reasonably could, and did, adopt the latter interpretation.

*Rescheduled Trial Date*

¶21    We turn to Vance's argument that his waiver did not apply to his rescheduled trial date.  As referenced above, when Vance entered his waiver, his trial was scheduled to begin the following week.  However, the trial was rescheduled and held several months later.

¶22    In arguing that his jury trial waiver did not apply to the rescheduled trial, Vance relies on ***Walworth County Department of Health & Human Services v. Roberta J.W.***, 2013 WI App 102, 349 Wis. 2d 691, 836 N.W.2d 860.   In ***Roberta J.W.***, we concluded that "absent an unambiguous declaration that a party intends to bind itself for future fact-finding hearings or trials, a jury waiver applies only to the fact-finding hearing or trial pending at the time it is made." ***Id.***, ¶11.  Relying on this language and other similar language in ***Roberta J.W.***, Vance argues that there is nothing in the record here to indicate that he intended to waive his right to a jury trial indefinitely.  He argues that the record instead shows that the circuit court and parties were all contemplating that the trial would go forward the following week.

¶23    Although the quoted language from ***Roberta J.W.***, if read in isolation, might seem to support Vance's argument, a close reading of ***Roberta J.W.*** shows that we were addressing retrials, not rescheduled trials.  The specific issue in ***Roberta J.W.*** was whether a parent's prior jury trial waiver and stipulation to certain elements necessary to prove her unfitness in a termination of parental rights proceeding applied to a new fact-finding hearing after there had been an appeal, reversal, and remand for the new hearing.  ***Id.***, ¶¶5, 7.  We concluded that the parent's prior waiver did not apply in that circumstance, relying on case law involving retrials.  ***Id.***, ¶¶9-11. Our decision in ***Roberta J.W.*** is not reasonably read

to require a new jury trial waiver when a pending trial is rescheduled to a later date. Accordingly, we reject Vance's argument based on *Roberta J.W.*

¶24 This does not mean, of course, that a defendant may never withdraw a jury trial waiver if a trial is rescheduled. Rather, as the State points out, a defendant may request withdrawal, and the circuit court may grant withdrawal, subject to certain considerations. *See State v. Cloud*, 133 Wis. 2d 58, 63-64, 393 N.W.2d 123 (Ct. App. 1986). Here, however, Vance does not claim that he requested withdrawal of his waiver.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2021-22).