PRZYBYLA, by guardian *ad litem*, Appellant, vs. CHAIN BELT COMPANY, Respondent.

*April 11—May 1, 1914.*

*Milwaukee civil court: Trial by jury: Denial of right: Appeal: Ground for reversal.*

1. Where one party to a civil action in the Milwaukee civil court demands a jury and pays the fees required by sub. 2, sec. 19, ch. 549, Laws of 1909, the case becomes a jury case and it is not necessary for the opposing party to demand a jury.
2. The party making the demand may, before the trial, waive his right to a jury trial and if he does so will not be obliged to pay the additional trial fee, but the opponent may then insist that the case remain a jury case and pay such fee.
3. Denial of the jury trial to which a party was entitled in the Milwaukee civil court is ground for reversal of the judgment of that court and the granting of a new trial in the circuit court.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge.   *Affirmed.*

The appellant commenced an action in the civil court of Milwaukee county for personal injuries received by him while employed in defendant's shop.   It appears by the docket of that court that upon the return day and before the joining of issue the plaintiff demanded a jury trial before a jury of six, and paid $6 into court as a jury fee, and the case was adjourned to the next term for trial.   The docket shows the following entries on the adjourned day:

"The plaintiff by his attorneys waives the trial by jury. The defendant thereupon demands a trial by jury.   Plaintiff objects to the granting of a jury trial to the defendant.   The court denies the motion of the defendant.   Exception."

The trial afterwards proceeded before the court, findings of fact were made and judgment rendered thereon for the plaintiff, from which judgment an appeal was taken to the circuit court, where the judgment was reversed on the ground of manifest prejudicial error, in that (1) the defendant was denied a trial by jury, and (2) the evidence does not sustain the findings and judgment; and a new trial of the action was ordered in the circuit court. From this order the present appeal is taken.

The statute creating the civil court (ch. 549, Laws of 1909) provides that either party to a civil action may, at or prior to the time of joining issue, demand that the action be tried by a jury of six men or by a jury of twelve men, on first paying to the clerk of the court $6 or $12, as the case may be; that a failure to make such demand shall be a waiver of the right; and that when such demand is made and such sum deposited, "the first six persons, when a trial by a jury of twelve men is not demanded, or the first twelve persons, when a trial by jury is demanded, who appear as their names are drawn and called, and who are not lawfully challenged and are approved as indifferent between the parties and not discharged or excused, *shall* be sworn and constitute the jury to try the issue." Sub. 2, sec. 19. The statute further provides: "There shall be paid to the clerk . . . the following sums only as court fees in a civil action: . . . for the trial of an action by a jury in addition to all other fees two dollars and fifty cents . . ." (sub. 1, sec. 23) ; also that the clerk shall require prepayment of the fees, unless by an order of one of the judges upon a certain showing he be directed to waive such advance payment (sub. 2, sec. 23) ; also that all fees, except witness and interpreter fees, shall belong to the county of Milwaukee, but that fees prepaid by either party recovered by any judgment in his favor and paid into court shall be refunded to him by the clerk (sub. 3, sec. 23).

For the appellant there was a brief by *John C. Kleczka*

and *Glicksman, Gold & Corrigan,* and oral argument by *Mr. Kleczka* and *Mr. W. L. Gold.*

For the respondent there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

WINSLOW, C. J.    In this case it is held:

1. When one party to a civil action demands a jury and pays the fees required by sub. 2 of sec. 19 of the Civil Court Act, it is not necessary for the opposing party to demand a jury, because the case then becomes a jury case, for trial by either six or twelve men, according to the demand which has been made.    Any other interpretation of the statute would mean that one party could practically lay a trap for his opponent by demanding a jury and paying the fees and afterwards waiving his demand when it had become too late for his opponent to make it.

2. If the party making the demand conclude before the trial that he does not desire a jury, he may doubtless waive his right to a jury trial, and if he does so he will not be obliged to pay the additional trial fee of $2.50, but the opponent may then insist that the case remain a jury case and pay the additional trial fee.

3. In the present case the record clearly shows that the defendant was denied the jury trial, which was its right, because it was thought that it had waived the right by not demanding the same on the return day, hence the circuit court was right in reversing the judgment on the first ground assigned.

No opinion is expressed as to the second ground assigned for the reversal of the judgment.

*By the Court.*—Order affirmed.