COURT OF APPEALS
DECISION
DATED AND FILED

April 1, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2052**

Cir. Ct. No. **2019CV7321**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

WILLIAM MALLORY, JEAN MOORE MALLORY AND IVAN MALLORY,

PLAINTIFFS-RESPONDENTS,

V.

PATRICK PERLEWITZ AND JESSICA L. PERLEWITZ,

DEFENDANTS-APPELLANTS,

SHOREWEST REALTORS, LLC AND KRISTY PLASSMEYER,

THIRD-PARTY DEFENDANTS.

APPEAL from a judgment of the circuit court for Milwaukee County: J.D. WATTS, Judge. *Reversed and cause remanded*.

Before White, C.J., Geenen and Colón, JJ.

¶1 WHITE, C.J. Patrick and Jessica L. Perlewitz appeal from the judgment against them for breach of contract, a violation of WIS. STAT. § 100.18 (2023-24),[1] and attorney fees. On appeal, the Perlewitzes challenge a pretrial decision by the trial court to proceed with a bench trial, despite their refusal to consent to a waiver of their right to a jury trial.[2] The Perlewitzes argue the trial court's decision violated the Wisconsin Constitution, the statutes, and the local court rules. For the reasons stated below, we reverse the judgment and remand for a new trial.

## BACKGROUND

¶2 This case arises out of a real estate transaction in which the Perlewitzes sold a property in Milwaukee to William Mallory, Jean Moore Mallory, and Ivan Mallory in November 2018. The Mallorys alleged that the Perlewitzes failed to disclose defects in the property's fireplaces, chimneys, and/or chimney flues in the Real Estate Condition Report from July 2018. The Mallorys further alleged that the Perlewitzes represented in a document produced by the real estate firm that chimney sweeps were completed annually at the property.

¶3 In September 2019, the Mallorys filed an action for breach of contract against the Perlewitzes. A civil scheduling order was entered in

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted. We note that there have been no changes to WIS. STAT. § 100.18 since the filing of this cause of action in 2020. We therefore reference the current version.

[2] The Honorable Mary Kuhnmuench, reserve judge, presided over the bench trial, after concluding that the Perlewitzes had waived their right to a jury trial. We refer to Judge Kuhnmuench as the trial court. The Honorable J.D. Watts issued the final order of judgment on damages, the Mallorys' motion for attorney fees, and costs. We refer to Judge Watts as the circuit court.

December 2019 that required the jury fee to be paid by February 1, 2020, or, pursuant to local rules, all parties were deemed to have waived their right to a jury. The trial court approved the parties' stipulation to an amendment to the scheduling order that extended the deadline for the jury trial demand until February 14, 2020. On February 12, 2020, the Mallorys filed a demand for a jury of six persons and tendered the required jury fee of $36. In March 2020, the Perlewitzes filed a stipulation for the withdrawal of legal counsel noting their intention to represent themselves going forward.

¶4      The case proceeded to trial in June 2023. On the first day of trial, the Mallorys consented to waive their right to a jury trial. The trial court discussed what it meant to waive their right to a jury trial and added that a jury trial was a "lengthier process" and a bench trial would be quicker. The court stated that it offered the bench trial because it knew "we are behind the eight ball trying to get this done." Ivan, Jean, and William Mallory each agreed they had time to discuss the issue with their attorney and they consented to waive their right to a jury trial. The court stated it would accept the waiver and proceed with a bench trial that afternoon.

¶5      The Perlewitzes then informed the trial court that the "defendants have not yet waived their right to jury trial." The court stated that because this was a civil trial, as opposed to a criminal trial, it did not need to discuss the defendants' consent to waive the jury trial. The court and Mr. Perlewitz had the following discussion:

> THE COURT: [I]t is the plaintiffs making the decision as to how they are wanting to proceed.
>
> They are the ones [that] pay the jury fee, flip of the coin, decide how they want to proceed with a court trial.

MR. PERLEWITZ: As far as I read the statute, either party has the right to decide whether—it is whether they want a jury trial.

THE COURT: No.

¶6 The trial court then proceeded to discuss witnesses for the court trial and asked how Mr. Perlewitz envisioned proceeding:

MR. PERLEWITZ: Your Honor, this is all very sudden and it totally derails our—the way we had planned on presenting.

And especially, and once again, under Wisconsin State legislature 805.02 demand, any party is entitled to a trial by jury or by the Court, may demand a trial in the mode to which entitled at or before the scheduling conference or pretrial conference.

THE COURT: Stop, stop.

The discussion then continued:

THE COURT: Before the scheduling conference. You had the right to say how you wanted to proceed and you never filed anything.

They filed that they wanted the jury. That is typically how it happens because they are the plaintiff and they are filing their complaint. They control their process.

They are the ones who paid the jury fee, and they did it, you know, they beat you to the punch, they did it and they then filed that where we were going to proceed with that and then I asked them if they—with anybody who asks for a jury trial, whether it is civil or criminal matter, has the right to waive it, and they are the ones who filed, prior to the scheduling conference and requested a jury.

Then I asked them today, do you want to waive that? And they said, yes.

So they have met—they complied with the requirements that you have just laid out.

You never requested a jury trial in a timely fashion, so there is no reason for me to ask if you want to waive it because you didn't file for it, they did.

4

MR. PERLEWITZ:  Well.

THE COURT:  They did it in a timely fashion.

If you would have wanted to request a jury, you certainly could have done that, but you relied on your lawyers.  At the time relied on them, they paid the fee, you figured, let them pay the fee, they picked up that cost, and why are you shaking your head at me?

Did you pay the fee?  If you paid the fee, tell me, we will go back and look.

MR. PERLEWITZ:  No, I did not.

But my guess is, my attorney relied on the fact that there would be a jury trial, because that was already decided upon.

….

I was never informed that that the possibility would be that we wouldn't be able to have a jury trial if they decided so.

….

THE COURT:  I don't know what your lawyer said to you or didn't say to you.

What I am telling you that you have just made the point, requesting a jury has to be done before a certain deadline.

It was in this case, but it was asked by them so I naturally asked them, do you want to waive it, and they have said yes.

So, that's how we are going to proceed.

5

¶7     At the conclusion of the bench trial on June 8, 2023, the trial court made an oral ruling in favor of the Mallorys, determining a judgment of $6,237.50 against the Perlewitzes.[3]

¶8     On September 14, 2023, the circuit court granted the Mallorys' motion for reasonable attorney fees pursuant to WIS. STAT. § 100.18(11)(b)2., and ordered judgment in the amount of $27,511.54 against the Perlewitzes, which was composed of $6,237.50 in damages, $18,712.50 in attorney fees, and $2,561.54 in taxable costs and disbursements.

¶9     The Perlewitzes now appeal.

## STANDARD OF REVIEW

¶10     To resolve this case, we must "interpret Article I, section 5 of the Wisconsin Constitution." *Parsons v. Associated Banc-Corp*, 2017 WI 37, ¶18, 374 Wis. 2d 513, 893 N.W.2d 212.  We independently review state constitutional questions. *Id.*  We must "also interpret and apply WIS. STAT. § 805.01" regarding the right to a jury trial and the waiver of that right. *Parsons*, 374 Wis. 2d 513, ¶19.  The interpretation and application of a statute are questions of law that we independently review. *Id.*

¶11     The trial court's factual findings "will not be disturbed unless they are clearly erroneous." *Lowe's Home Ctrs., LLC v. City of Delavan*, 2023 WI 8,

---

[3] The trial court also granted summary judgment in favor of the third-party defendants—the Perlewitzes' real estate agent and firm—resulting in their dismissal with prejudice from this action.  The third-party defendants are not a party to this appeal.

¶25, 405 Wis. 2d 616, 985 N.W.2d 69. "A finding of fact is clearly erroneous if it is against the great weight and clear preponderance of the evidence." *Id.*

¶12   "Whether a particular error is structural and therefore not subject to a harmless error review is a question of law for our independent review." *State v. Nelson*, 2014 WI 70, ¶18, 355 Wis. 2d 722, 849 N.W.2d 317.

## DISCUSSION

¶13   The Perlewitzes argue that after the Mallorys filed a jury demand and paid the fee, WIS. STAT. § 805.01(3) and Milwaukee County Circuit Court Local Rule 3.9 required the consent of the Perlewitzes in order to waive a jury trial. The Mallorys argue that the Perlewitzes failed to file a jury demand and that the trial court's finding that they had waived their right to a jury trial was not clearly erroneous.

¶14   We begin with what is undisputed in Wisconsin law and under the facts of this case. The Wisconsin Constitution provides that "[t]he right of trial by jury shall remain inviolate … but a jury trial may be waived by the parties in all cases in the manner prescribed by law." WIS. CONST. art. I, § 5. The breach of contract action filed by the Mallorys is the type of civil action for which a party may demand a jury trial.

¶15   "Any party entitled to a trial by jury or by the court may demand a trial in the mode to which entitled at or before the scheduling conference or pretrial conference, whichever is held first. The demand may be made either in writing or orally on the record." WIS. STAT. § 805.01(2). The Milwaukee County Circuit Court Local Rule 3.9 provides that "[p]ayment of the jury fee by any party preserves the right to a jury for all parties, consisting of the number of jurors for

which the fee has been paid." The local rules also state that "[i]f no party pays the jury fee, the right to a jury is waived by all parties." The record reflects that the Mallorys filed a jury demand and paid the jury fee within the deadline set in the scheduling order.

¶16     A waiver of the right to a jury trial occurs when no party demands one, no party pays the jury fee, when the parties submit a written stipulation of waiver with the court, or when the parties make an oral stipulation on the record in court. WIS. STAT. §§ 805.01(3), 814.61(4); *Phelps v. Physicians Ins. Co. of Wis., Inc.*, 2005 WI 85, ¶28, 282 Wis. 2d 69, 698 N.W.2d 643. The Mallorys consented to waive their jury trial demand, in open court, upon questioning by the trial court. The record reflects that the Perlewitzes expressly told the court, on the record, that they did not consent to waiving a jury trial.

¶17     "A demand for trial by jury made as [prescribed in this section] … may not be withdrawn without the consent of the parties." WIS. STAT. § 805.01(3). The trial court concluded that by failing to file a jury demand or pay the jury fee, the Perlewitzes waived their right to a jury trial. However, the trial court's interpretation of the law ignores that the consent of "the parties" is required to withdraw a jury demand. *Id.*

¶18     The Perlewitzes' position is supported by the Wisconsin Supreme Court's holding in *Przybyla v. Chain Belt Co.*, 157 Wis. 216, 147 N.W. 31

(1914).[4] That court held that "[w]hen one party to a civil action demands a jury and pays the fees required … it is not necessary for the opposing party to demand a jury, because the case then becomes a jury case … according to the demand which has been made." *Id.* at 218. Therefore, the Perlewitzes were not required to file their own jury demand or pay another jury fee to preserve their right to a jury trial. "Any other interpretation of the statute would mean that one party could practically lay a trap for [their] opponent by demanding a jury and paying the fees and afterwards waiving [their] demand when it had become too late for [their] opponent to make it." *Id.* We consider the scenario envisioned by the Wisconsin Supreme Court in 1914 to reflect a valid concern still relevant today, as well as represent mandatory authority over this court. *See **Wisconsin Voter All. v. Secord***, 2025 WI 2, ¶32, 414 Wis. 2d 348, 15 N.W.3d 872.

¶19    Therefore, we conclude that the trial court's error in denying the Perlewitzes a jury trial without their waiver of that right was a structural error. Although most errors, even constitutional errors, can be analyzed under the harmless error rule, some errors are structural and affect the entire framework of the trial. ***State v. C.L.K.***, 2019 WI 14, ¶15, 385 Wis. 2d 418, 922 N.W.2d 807. A structural error is a defect affecting the entire framework of a trial, "rather than simply an error in the trial process itself." ***Arizona v. Fulminante***, 499 U.S. 279,

---

[4] The Mallorys argue that ***Przybyla v. Chain Belt Co.***, 157 Wis. 216, 147 N.W. 31 (1914), is not controlling because it was issued before the advent of modern scheduling orders and the recognition that a trial court has control over its docket. *See* WIS. STAT. § 802.10 (discussing circuit court's calendar practice authority). They also describe ***Przybyla*** as "isolated," over one-hundred years old, and rarely cited. We disagree. The case has not been overruled or abrogated. It is binding over this court because our supreme court "has the exclusive power to overrule, modify, or withdraw language from prior Wisconsin cases." ***Zarder v. Humana Ins. Co.***, 2010 WI 35, ¶54, 324 Wis. 2d 325, 782 N.W.2d 682; ***Wisconsin Voter All. v. Secord***, 2025 WI 2, ¶32, 414 Wis. 2d 348, 15 N.W.3d 872 (stating that the court of appeals must follow mandatory authority). We consider the reasoning in ***Przybyla*** to be controlling.

310 (1991). When this court encounters an error that permeates the entire trial process and affects a party's substantial rights, we must reverse. *C.L.K.*, 385 Wis. 2d 418, ¶15. Accordingly, we reverse the order of judgment entered against the Perlewitzes.

¶20 Our supreme court held that "a party to a lawsuit is entitled as a matter of right to a jury trial on a question of fact if that issue is retried." *Tesky v. Tesky*, 110 Wis. 2d 205, 210, 327 N.W.2d 706 (1983). Therefore, we remand this matter for a new trial, with a jury.

¶21 For the sake of completeness, we now turn to the Mallorys' arguments. They argue that the trial court's findings were not clearly erroneous; the Perlewitzes waived their right to appeal this issue; any error in the jury waiver was harmless; and further, that the Perlewitzes failed to provide a transcript to allow this court to review the error. We reject these arguments.

¶22 First, the Mallorys argue that the trial court's finding of waiver was not clearly erroneous. The trial court's factual findings to support its decision are undisputed—the Perlewitzes did not file their own jury demand or pay their own jury fee. However, because the Mallorys had entered a jury demand and had paid the fee, the fact that the Perlewitzes did not file their own jury demand is immaterial. The Perlewitzes had to consent to any waiver of the jury trial. *See* WIS. CONST. art. I, § 5 ("[A] jury trial may be waived by the parties in all cases in the manner prescribed by law."); WIS. STAT. § 805.01(3) (providing that a demand for trial by jury made pursuant to the statute "may not be withdrawn without the consent of the parties").

¶23 Next, the Mallorys argue that the Perlewitzes waived their dispute over the jury trial waiver issue by not filing a motion for mistrial or a motion for

reconsideration. "[S]ome rights are forfeited when they are not claimed at trial; a mere failure to object constitutes a forfeiture of the right on appellate review." *State v. Ndina*, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612. Other "rights are so important to a fair trial that courts have stated that the right is not lost unless the defendant knowingly relinquishes the right" through an express waiver. *Id.*, ¶31.

¶24 The record reflects that the Perlewitzes informed the trial court that they "have not yet waived their right to jury trial." There is no dispute that they raised the issue to the trial court. *See Associated Bank, N.A. v. Brogli*, 2018 WI App 47, ¶26, 383 Wis. 2d 756, 917 N.W.2d 37 (discussing that we generally do not decide issues raised for the first time on appeal). The extensive colloquy recounted above shows the dialogue between the trial court and Mr. Perlewitz attempting to reach agreement on this issue. We discern neither waiver nor forfeiture of the issue.[5]

¶25 Finally, the Mallorys argue that any error in the consent to waiver of the jury trial was harmless, and they further point out that the Perlewitzes failed to provide transcripts for the trial. Therefore, the Mallorys assert that without a full transcript, this court cannot ascertain whether the Perlewitzes' "substantial rights" had been affected. WIS. STAT. § 805.18(2).

---

[5] The Mallorys point to a case on prosecutorial misconduct for the premise that "[i]t is necessary to make immediate objection and to move for a mistrial if the issue is misconduct of counsel." *Sanders v. State*, 69 Wis. 2d 242, 263, 230 N.W.2d 845 (1975) (citation omitted). The Mallorys fail to show the relevance of this case to the considerations before us. *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (stating that this court may decline to address issues inadequately briefed or arguments unsupported by legal authority).

¶26     We conclude that a harmless error analysis is inappropriate here because the "harmless-error rubric is incapable of reaching an error that affects the framework of the trial." *C.L.K.*, 385 Wis. 2d 418, ¶29. "By its own terms, it is designed to address errors whose effect 'may therefore be *quantitatively* assessed in the context of other evidence presented in order to determine whether [it was] harmless beyond a reasonable doubt.'" *Id.* (alteration in original) (citation omitted). We conclude that denying the Perlewitzes their right to a jury trial was a structural error and was not harmless. Therefore, the full trial transcripts would not affect our analysis.

## CONCLUSION

¶27     For the reasons stated above, we conclude that the trial court's denial of a jury trial after the Perlewitzes refused to waive the jury demand was a structural error in the proceedings. Accordingly, we reverse the judgment and remand for a new trial, with a jury.

*By the Court.*—Judgment reversed and cause remanded.

Not recommended for publication in the official reports.